**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD HEIM, JR.<br>6156 Garret Avenue<br>Bensalem, PA 19020<br><br>        Plaintiff,<br><br>v.<br><br>VELTRI, INC.<br>1961 Hartel Street<br>Levittown, PA 19057<br>    and<br>BRIAN NELSON<br>1961 Hartel Street<br>Levittown, PA 19057<br>    and<br>MICHAEL SHAW<br>1961 Hartel Street<br>Levittown, PA 19057<br>    and<br>HEIDI CUMBERLEDGE<br>1961 Hartel Street<br>Levittown, PA 19057<br><br>        Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.  This action has been initiated by Donald Heim, Jr. (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Veltri, Inc. ("Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), Family Medical Leave Act ("FMLA"- 29 U.S.C. §2601, et. al.) and the Pennsylvania Human Relations Act

("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff has properly exhausted his administrative remedies with respect to his ADA claims because he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and files the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA will mirror the instant claims identically.

2

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Veltri, Inc. is a trucking company located at the above-referenced address that provides trucking services throughout southeastern Pennsylvania, New Jersey and Delaware.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about June 2015 and, in total, worked for Defendant for more than 6 years.

12. During his employment, Plaintiff worked as a full-time diesel mechanic.

13. Plaintiff was qualified for the job, as he possesses the necessary skills and qualifications for it.

14. Plaintiff was supervised primarily by Brian Nelson and Michael Shaw, both of whom were members of Defendant's management.

15. Plaintiff was based out of and worked from Defendant's Levittown, PA location.

16. Plaintiff performed his job well, was given positive feedback regarding his performance and issued raises.

17.   Plaintiff was told by Mr. Shaw that he is the "future of the company."

18.   Plaintiff was not issued any written discipline for any reason.

19.   In late 2020, Plaintiff began suffering from serious medical conditions, including hand, arm and back pain, including but not limited to carpel tunnel syndrome and nerve damage in his arm and hand.

20.   As a result of these conditions, Plaintiff sought medical treatment, including but not limited to, going to the emergency room, obtaining treatment from a neurologist, orthopedic doctor and chiropractor.

21.   Since 2020, Plaintiff has continued to obtain medical treatment for his conditions and has taken medications for same.

22.   Plaintiff's medical conditions interfere with and limit his daily activities, including but not limited to, using his hands (grasping, gripping, writing), lifting, pushing, pulling, performing household activities and, at times, working.[2]

23.   Despite Plaintiff's medical conditions, he was still able to perform all the essential functions of his job, with accommodations.

24.   During the last approximate eight months of his employment, Plaintiff also suffered with stress and anxiety and informed Mr. Nelson and Defendant's HR department about these mental health issues.

25.   In late 2020, Plaintiff also informed Defendant (including but not limited to Nelson, Shaw and Heidi Cumberledge (HR)) about his physical medical symptoms, conditions and need for treatment.

---

[2] This is a non-exhaustive list of daily activities which Plaintiff's medical conditions substantially limit.

26. In 2020 and 2021, Plaintiff informed Defendant that he was seeking ongoing medical treatment for these conditions and would need ongoing time off for medical appointments.

27. In or about late February 2021, Plaintiff requested medical leave from Defendant so he could obtain medical treatment for his aforesaid medical conditions.

28. Thereafter, Plaintiff took approximately one week of medical leave from on or about February 23, 2021 to March 1, 2021.

29. Despite Plaintiff informing Defendant's management and HR department about his medical conditions and requesting/taking medical leave, Defendant did not speak to Plaintiff about FMLA leave, did not provide him any notification about his FMLA rights, did not provide him with any FMLA paperwork and did not designate his one-week medical leave as FMLA-qualifying.

30. Plaintiff returned to work from his medical leave in or about early March 2021 and provided Defendant with a medical note excusing his absences.

31. Plaintiff continued to work full-time from in or about early March 2021 until in or about early June 2021.

32. In early June 2021, Plaintiff's physical medical conditions worsened and, as a result, he requested an approximate 60-day medical leave from Defendant so he could continue to seek and obtain medical treatment for his medical conditions.

33. Plaintiff took medical leave from on or about June 9, 2021 to August 19, 2021.

34. Despite informing Defendant about his ongoing medical issues and need for medical leave, Defendant again failed to speak with Plaintiff about FMLA, failed to notify him of his FMLA rights and failed to designate his absences as FMLA-qualifying (or ADA-qualifying).

5

35. Prior to and during his medical leave, Plaintiff kept Defendant (including, but not limited to, Nelson, Shaw and Cumberledge) informed about the status of his physical and mental health medical conditions, treatment, medications and anticipated return to work date.

36. On or about August 10, 2021, Plaintiff informed Defendant that he was cleared by his doctor to return to work on August 19, 2021.

37. On or about August 12, 2021, Defendant informed Plaintiff that he was terminated for alleged job abandonment, which was completely untrue.

38. Plaintiff reminded Defendant that he had consistently kept Defendant's management updated on his medical conditions, need for medical leave and anticipated return to work.

39. In or about mid-August 2021, Cumberledge contacted Plaintiff and informed him that Defendant "made a mistake" regarding Plaintiff's medical leave and did not handle his FMLA properly. She then told Plaintiff that she would send him FMLA documents and that if he filled out the FMLA forms, she would approve and "back-date" his FMLA leave so that his job would be protected.

40. Plaintiff complied by filling out the FMLA documents, having his doctor fill out the documents and providing them to Defendant.

41. Almost immediately thereafter, on or about August 27, 2021, Plaintiff was informed by Shaw that he was still being terminated because Defendant was "going in a different direction."

42. Plaintiff was terminated by Defendant after more than six (6) years of satisfactory employment and shortly after disclosing his medical conditions to Defendant, requesting accommodations and while on a protected FMLA leave.

43. Based on the foregoing, Plaintiff avers that Defendant discriminated against him based on his actual, perceived and record of disabilities, failed to accommodate him, interfered with his FMLA rights and retaliated against him for requesting/using FMLA-qualifying medical leave and requesting accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate]
- Against Defendant Veltri -

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff suffers from qualifying health conditions under the ADA (as amended), which (at times) affect his ability to perform some daily life activities (as discussed *supra*).

46. Plaintiff requested reasonable accommodations from Defendant, including time off from work for medical reasons and other accommodations.

47. Plaintiff was terminated in or about August 2021, shortly after disclosing his medical conditions to Defendant and requesting accommodations for same.

48. Defendant also failed to engage in an interactive process with Plaintiff, despite that he requested accommodations (in the form of medical leave/time off and other accommodations) and failed to provide him reasonable accommodations.

49. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT II
### Violations of the Family Medical Leave Act ("FMLA")
(Interference and Retaliation)
- Against All Defendants -

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

52. Plaintiff requested leave from Defendants, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

53. Plaintiff had at least 1,250 hours of service with Defendants during the years prior to his requests for medical leave.

54. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

55. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

56. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) failing to properly notify and inform Plaintiff of his FMLA rights; (5) denying Plaintiff benefits under the FMLA; and/or (6) engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

57. These actions as aforesaid constitute violations of the FMLA.

58. Defendants Nelson, Shaw and Cumberledge are individually liable because they supervised Plaintiff, had authority over the terms and conditions or his employment and participated in and were responsible for the FMLA violations, as described herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded liquidated and punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
Attorneys for Plaintiff

Dated: March 28, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Donald Heim, Jr. | : | CIVIL ACTION |
| v. | : | |
| Veltri, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/29/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 6156 Garret Avenue, Bensalem, PA 19020

Address of Defendant: 1961 Hartel Street, Levittown, PA 19057

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/29/2022   _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3/29/2022   _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HEIM, JR., DONALD

**DEFENDANTS**
VELTRI, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/29/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

[Print]  [Save As...]                                                              [Reset]